IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONGYAN HUANG and<br>ZHANG JIAN LONG,<br><br>Defendants. | No. 06-CR-103-LRR<br><br>**ORDER** |

The matters before the court are Defendant Dongyan Huang and Defendant Zhang Jian Long's Joint Motion to Suppress Physical Evidence ("Joint Motion") (docket no. 9), Joint Brief in Support of Their Motion to Suppress All Evidence ("Joint Brief") (docket no. 39) and Supplement to Their Joint Brief in Support of Their Joint Motion to Suppress All Evidence ("Supplemental Joint Brief") (docket no. 43) (collectively referred to as "Motion")[1] and Magistrate Judge Paul A. Zoss's Partial Report and Recommendation (docket no. 45).

## I. PROCEDURAL HISTORY

On July 26, 2006, Defendant Dongyan Huang ("Defendant Huang") and Defendant

---

[1] Magistrate Judge Paul A. Zoss addressed Defendant Huang and Defendant Zhang's Joint Brief as a supplement to their Joint Motion to Suppress Physical Evidence. Although Local Rule 7.1 provides that motions and requests for court action be filed in a "motion" with, in most instances, a supporting brief filed the same day, the court finds that Magistrate Judge Zoss's approach was correct. The court shall address Defendant Huang and Defendant Zhang's Joint Motion, Joint Brief and Supplemental Joint Brief as one motion to suppress.

Zhang Jian Long ("Defendant Zhang") were charged in a two-count Indictment. The Indictment was filed on July 31, 2006. On September 8, 2006, Defendant Huang and Defendant Zhang were charged in a four-count Superseding Indictment. The Superseding Indictment charged the following:

> On or about July 5, 2006, in the Northern District of Iowa, [Defendant Huang] and [Defendant Zhang], did intentionally traffic in the following goods knowingly using on or in connection with such goods counterfeit marks, to wit spurious marks identical to or substantially indistinguishable from legitimate Trademarks, which marks are in use and are registered for those goods on the principal register of the United States Patent and Trademark Office, the use of which counterfeit marks is likely to cause confusion, to cause mistake, and to deceive:

| Count | Goods Containing Counterfeit Mark | Legitimate Trademark |
|---|---|---|
| One | Cellular Telephone Accessories | Playboy Rabbit Head Design |
| Two | Markers | SHARPIE Stylized Word Mark |
| Three | Purses, Sunglasses, & Wallets | Coach Signature "C" |
| Four | Sunglasses | Cartier Stylized Word Mark |

This is in violation of 18, United States Code, Section 2320(a).

On September 1, 2006, Defendant Huang and Defendant Zhang filed their Joint Motion, which seeks to suppress evidence seized pursuant to several search warrants. On September 18, 2006, the government filed a resistance ("Resistance"). On October 6, 2006, the government supplemented its Resistance ("Supplemental Resistance").

On October 20, 2006, Defendant Huang and Defendant Zhang filed their Joint Brief, in which they added a request to suppress statements they made to law enforcement officers. On October 26, 2006, the government filed a second supplement to its Resistance

("Second Supplemental Resistance"). On October 30, 2006, Defendant Huang and Defendant Zhang filed their Supplemental Joint Brief.

On October 30, 2006, Magistrate Judge Zoss held a hearing ("Hearing") on Defendant Huang and Defendant Zhang's Motion. During the Hearing, Magistrate Judge Zoss ordered Defendant Huang and Defendant Zhang to file a brief in support of their Supplemental Joint Brief. Due to a problem with the interpreter, the Hearing was postponed.

On October 31, 2006, Magistrate Judge Zoss filed a Partial Report and Recommendation which recommended denying the portion of Defendant Huang and Defendant Zhang's Motion that sought to suppress evidence seized pursuant to the search warrants. Magistrate Judge Zoss reserved his recommendation regarding the suppression of Defendant Huang and Defendant Zhang's statements until an evidentiary hearing on that portion of Defendant Huang and Defendant Zhang's Motion could be held. Defendant Huang and Defendant Zhang did not file an objection to the October 31, 2006 Partial Report and Recommendation.[2]

The court, therefore, finds the portion of Defendant Huang and Defendant Zhang's Joint Motion that seeks to suppress evidence seized pursuant to the search warrants fully submitted and ready for decision.

---

[2] On November 1, 2006, Defendant Huang and Defendant Zhang filed a Joint Brief in Support of Their Motion to Suppress All Statements ("Joint Brief to Suppress Statements") (docket no. 47). On November 6, 2006, the government filed a Resistance to Defendant Huang and Defendant Zhang's Joint Brief to Suppress Statements (docket no. 48). On November 8, 2006, Magistrate Judge Zoss held a status hearing (docket no. 51). On November 9, 2006, Magistrate Judge Zoss found the portion of the Motion requesting the suppression of Defendant Huang's statements moot (docket no. 53). Magistrate Judge Zoss reserved his recommendation on the portion of the Motion requesting the suppression of Defendant Zhang's statements (docket no. 51).

## II. ANALYSIS

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Objections to the October 31, 2006 Partial Report and Recommendation were due on November 7, 2006. Neither Defendant Huang nor Defendant Zhang filed an objection. Accordingly, the court adopts Magistrate Judge Zoss's October 31, 2006 Partial Report and Recommendation in its entirety.

## III. CONCLUSION

**IT IS ORDERED:**

(1) The court **DENIES**, in part, and **RESERVES RULING**, in part, on Defendant Dongyan Huang and Defendant Zhang Jian Long's Motion (docket nos. 9, 39 and 43);

(2) The Clerk of Court is directed not to satisfy the Joint Motion to Suppress Physical Evidence (docket no. 9), the Joint Brief in Support of Their Motion to Suppress All Evidence (docket no. 39) and the Supplement to Their Joint Brief in Support of Their Joint Motion to Suppress All Evidence (docket no. 43) at this time;

(3) The court **ADOPTS** Magistrate Judge Zoss's Partial Report and Recommendation of October 31, 2006 (docket no. 45); and

(4) The period between the filing of Defendants' Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from

the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 9th day of November, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA