# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DONGYAN HUANG and<br>ZHANG JIAN LONG,<br><br>    Defendants. | No. 06-CR-103-LRR<br><br>**ORDER** |

*TABLE OF CONTENTS*

I. *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . 2

III. *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A. *Findings of Facts* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        1. *Finding that Defendant Zhang stated he spoke Mandarin* . . . . 5
        2. *Finding that Defendant Zhang failed to prove his preferred
           dialect is Wenzhouhua* . . . . . . . . . . . . . . . . . . . . . . . . . 5
        3. *Finding that Defendant Zhang understood the Mandarin
           interpretation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        4. *Finding that Ms. Chi is a highly qualified interpreter* . . . . . . . 7
        5. *Finding that Ms. Chi interpreted consistent with her habit
           and routine* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        6. *Testimony* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    B. *Conclusions of Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

The matter before the court is Defendant Zhang Jian Long's Objections (docket no. 70) to Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 67) which recommends the denial of Defendant Zhang's Motion to suppress his statements (docket nos. 9, 39, 43 and 47).

## II. RELEVANT PROCEDURAL HISTORY

On September 1, 2006, Defendant Dongyan Huang ("Defendant Huang") and Defendant Zhang Jian Long ("Defendant Zhang") filed a Joint Motion to Suppress Physical Evidence ("Joint Motion"), which seeks to suppress evidence seized pursuant to several search warrants. On September 18, 2006, the government filed a Resistance. On October 6, 2006, the government supplemented its Resistance ("Supplemental Resistance").

On October 20, 2006, Defendant Huang and Defendant Zhang filed a Joint Brief in Support of their Motion to Suppress All Evidence ("Joint Brief"), in which they added a request to suppress statements they made to law enforcement officers. On October 26, 2006, the government filed a second supplement to its Resistance ("Second Supplemental Resistance"). On October 30, 2006, Defendant Huang and Defendant Zhang filed a Supplement to Their Joint Brief in Support of Their Joint Motion ("Supplemental Joint Brief").

On October 30, 2006, Magistrate Judge Paul A. Zoss held a hearing ("October Hearing") on Defendant Huang and Defendant Zhang's Motion. During the October Hearing, Magistrate Judge Zoss ordered Defendant Huang and Defendant Zhang to file a brief in support of their Supplemental Joint Brief. Due to a problem with the interpreter, the October Hearing was postponed.

On October 31, 2006, Magistrate Judge Zoss filed a Partial Report and

2

Recommendation which recommended denying the portion of Defendant Huang and Defendant Zhang's Motion that sought to suppress evidence seized pursuant to the search warrants. Magistrate Judge Zoss reserved his recommendation regarding the suppression of Defendant Huang and Defendant Zhang's statements until an evidentiary hearing on that portion of Defendant Huang and Defendant Zhang's Motion could be held. Defendant Huang and Defendant Zhang did not file an objection to the October 31, 2006 Partial Report and Recommendation.

On November 1, 2006, Defendant Huang and Defendant Zhang filed a Joint Brief in Support of Their Motion to Suppress All Statements ("Joint Brief to Suppress Statements") (docket no. 47).[1] On November 6, 2006, the government filed a Resistance to Defendant Huang and Defendant Zhang's Joint Brief to Suppress Statements (docket no. 48).

On November 8, 2006, Magistrate Judge Zoss held a status hearing (docket no. 51). On November 9, 2006, Magistrate Judge Zoss found the portion of the Motion requesting the suppression of Defendant Huang's statements moot. Magistrate Judge Zoss reserved his recommendation on the portion of the Motion requesting the suppression of Defendant Zhang's statements. On the same day, the court filed an order adopting Magistrate Judge Zoss's October 31, 2006 Partial Report and Recommendation.

On November 13, 2006, Chief Magistrate Judge John A. Jarvey held a hearing on the portion of the Motion requesting the suppression of Defendant Zhang's statements ("November Hearing"). On December 6, 2006, Magistrate Judge Jarvey filed a Report and Recommendation in which he recommends the denial of the remaining portion of the Motion. On December 20, 2006, Defendant Zhang filed his Objections to the Report and

---

[1] The court will collectively refer to the Joint Motion, Joint Brief, Supplemental Joint Brief and Joint Brief to Suppress Statements as a "Motion."

Recommendation ("Objections").

The court, therefore, finds the portion of the Motion that seeks to suppress Defendant Zhang's statements fully submitted and ready for decision.

### III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant Zhang has made specific, timely objections to the Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring *de novo* review of a magistrate judge's report and recommendation on dispositive motions).

### IV. ANALYSIS

#### A. Findings of Facts

Defendant Zhang asserts the following objections to the findings of facts in the Report and Recommendation: (1) that Defendant Zhang told Bureau of Immigration and Customs Enforcement Agency Special Agent Christopher Cantrell ("SA Cantrell") that he spoke Mandarin; (2) that there was no evidence presented that Defendant Zhang's preferred dialect is Wenzhouhua; (3) that there was no evidence presented that Defendant Zhang did not understand the Mandarin interpretation; (4) that Kitty Chi, the interpreter used during Defendant Zhang's interrogation, is a highly qualified interpreter and (5) that Ms. Chi's inability to specifically remember the interpretation is evidence that she

4

interpreted consistent with her habit and routine.

### 1. *Finding that Defendant Zhang stated he spoke Mandarin*

Defendant Zhang claims that Magistrate Judge Jarvey improperly found that he told SA Cantrell that he spoke Mandarin and requested a Mandarin interpreter. During the November Hearing, SA Cantrell testified that he spoke with Defendant Zhang regarding his native language. Speaking in English, Defendant Zhang informed SA Cantrell that he spoke Mandarin. Ms. Chi testified that, although she does not recall the specifics of this particular interpretation, it is her common practice to ask non-English speaking persons for whom she is interpreting which dialect they prefer. She normally asks the non-English speaking person this question in Mandarin. Ms. Chi explained that there was a Wenzhouhua interpreter available if Defendant Zhang had requested one. Defendant Zhang has offered no evidence to contradict the testimony of SA Cantrell or Ms. Chi. Accordingly, his objection to this portion of the Report and Recommendation is overruled.

### 2. *Finding that Defendant Zhang failed to prove his preferred dialect is Wenzhouhua*

Defendant Zhang objects to the finding in the Report and Recommendation that he presented no evidence that his preferred dialect is Wenzhouhua. He asserts that he presented evidence that his preferred dialect is Wenzhouhua during the cross-examination of the witnesses during the November Hearing. Defendant Zhang also claims that, because he stated in his Motion that he prefers Wenzhouhua, needed a Wenzhouhua translator to obtain his immigration benefits, used a Wenzhouhua translator for the November Hearing and will have a Wenzhouhua translator for his trial, it is only logical that his preferred dialect is Wenzhouhua.

Defendant failed to provide any evidence that his preferred dialect is Wenzhouhua. During the November Hearing, Ms. Chi testified that she always asks the non-English speaking persons for whom she is interpreting what dialect they would prefer. She asks

Case 1:06-cr-00103-LRR   Document 80   Filed 02/27/07   Page 5 of 13

this initial question in Mandarin which is the dialect taught in Chinese schools. Based on her experience as an interpreter, Ms. Chi is able to determine by an individual's accent if she will have a problem interpreting for them. If she notes any difficulty in an individual's ability to understand her interpretation, she immediately informs the agent conducting the interview and determines if the individual would prefer a different dialect. Ms. Chi testified that she does not speak Wenzhouhua, however there was a Wenzhuahou interpreter available if Defendant Zhang had requested that dialect. Defendant Zhang told Ms. Chi and SA Cantrell that he spoke Mandarin, and, during the November Hearing, Defendant Zhang provided no evidence to the contrary. Accordingly, his objection to this finding of fact is overruled.

### 3. *Finding that Defendant Zhang understood the Mandarin interpretation*

Defendant objects to the finding in the Report and Recommendation that "there is no evidence other than that presented by the interpreter as to the defendant's understanding of Mandarin or any alleged difficulties he had understanding the interpreter used by Agent Cantrell." Defendant Zhang asserts that the inconsistencies in his answers to the questions asked by SA Cantrell evidence his inability to understand Ms. Chi's Mandarin interpretation.

During the November Hearing, SA Cantrell testified that he read Defendant Zhang his *Miranda* rights, Ms. Chi interpreted those rights to Defendant Zhang in Mandarin and he indicated that he understood his rights. SA Cantrell stated that there was nothing in Defendant Zhang's body language or mannerisms that led him to believe that Defendant Zhang did not understand his rights. Additionally, from the answers SA Cantrell received to the questions asked through Ms. Chi, it appeared as though Defendant Zhang understood the interpretation. SA Cantrell's investigative report which provides Defendant Zhang's responses to SA Cantrell's questions shows that he understood the translation by

6

Ms. Chi. The fact that Defendant Zhang gave at least one inconsistent response to a question by SA Cantrell is not an indication that he did not understand the interpretation. During the November Hearing, Ms. Chi explained that, if she had any intimation that Defendant Zhang did not understand her interpretation, she would have stopped the questioning and requested a new interpreter. Although Defendant Zhang claims that his preferred dialect is Wenzhouhua, there is no evidence that he did not understand the Mandarin interpretation provided to him by Ms. Chi. Accordingly, Magistrate Judge Jarvey properly determined that "[D]efendant understood and responsively answered [SA] Cantrell's questions."

4. *Finding that Ms. Chi is a highly qualified interpreter*

Defendant Zhang objects to Magistrate Judge Jarvey's determination that Ms. Chi is a "highly qualified interpreter." Defendant Zhang claims that, because Ms. Chi is not a certified interpreter, she was not qualified to interpret for Defendant Zhang. Further, Defendant Zhang asserts that, even if Ms. Chi converses daily in Mandarin and is able to speak two other dialects, she is unable to speak Wenzhouhua and, therefore, was not qualified to interpret for Defendant Zhang.

During the November Hearing, Ms. Chi explained that she was born in Hong Kong and lived there for twenty years. While in Hong Kong, she spoke the Cantonese dialect outside of school. Accordingly, she speaks fluent Cantonese. Ms. Chi's parents were from Foochow and spoke only the Foochowese dialect at home. Accordingly, she speaks fluent Foochowese. In school in Hong Kong, Ms. Chi studied and spoke Mandarin, the official dialect taught in Chinese schools, throughout her eleven years of secondary education. Therefore, she also speaks fluent Mandarin. Ms. Chi advised that, because Mandarin is the official dialect taught in Chinese schools, it is common for most Chinese to speak both Mandarin and their local dialect.

Ms. Chi testified that she has been an interpreter for the Department of Homeland Security since 1999. Prior to that employment, she worked for three other language interpreting services. Ms. Chi testified that, as an interpreter for the Department of Homeland Security, she converses daily using the Mandarin dialect. Although she is not a certified interpreter, she serves as an interpreter on approximately ten to twenty cases a day. She does not speak Wenzhouhua and, therefore, if Defendant Zhang had any difficulty understanding her Mandarin interpretation and attempted to speak Wenzhouhua, she would have noticed and would have called for a different interpreter. Magistrate Judge Jarvey properly determined that Ms. Chi is a "highly qualified interpreter," based on her training and personal interactions in Hong Kong and experience as a well-seasoned interpreter for the Department of Homeland Security. Defendant Zhang's objection to this finding shall, therefore, be denied.

### 5. *Finding that Ms. Chi interpreted consistent with her habit and routine*

Defendant Zhang objects to Magistrate Judge Jarvey's finding that Ms. Chi "does not remember this particular call is, in fact, strong evidence that the conversation was effectively translated as part of the interpreter's routine habit." Defendant Zhang contends that the fact that Ms. Chi does not remember the interpretation is a "red flag" and indicates that "there may have been some serious problems."

Ms. Chi testified that the interpreters at the Department of Homeland Security have a standard procedure that is followed for every interpretation. Using the Mandarin dialect, the dialect spoken by most Chinese, the interpreters ask the non-English speaking person which dialect they prefer. If during the interview, the interpreter notices that the non-English speaking person has any difficulty understanding the interpretation, the interpreter immediately notifies the agent conducting the interview and again asks the non-English speaking person what dialect is preferred. Ms. Chi admitted that she has no memory of

8

the July 6, 2006 interpretation that she performed for Defendant Zhang and that, if there had been any difficulty with Defendant Zhang's interpretation, this specific interpretation would have been more memorable to her. There is no evidence that the interpretation did not proceed like the other ten to twenty interpretations Ms. Chi performs each day. Accordingly, Defendant Zhang's objection to this finding in the Report and Recommendation is denied.

### *6. Testimony*

After a *de novo* review of the record, the court adopts Magistrate Judge Jarvey's findings of facts in the Report and Recommendation.

### *B. Conclusions of Law*

Defendant Zhang asserts that he did not knowingly, voluntarily and intelligently waive his *Miranda* rights and, therefore, his statements made to SA Cantrell should be suppressed. Defendant Zhang objects to Magistrate Judge Jarvey's determination that "it is clear that the government established by a preponderance of the evidence that [D]efendant [Zhang] understood and waived [his] rights prior to speaking with Agent Cantrell." The court finds that Magistrate Judge Jarvey's determination was correct.

"*Miranda* prohibits the government from introducing into evidence statements made by the defendant during a custodial interrogation unless the defendant has been previously advised of his [F]ifth [A]mendment privilege against self-incrimination and right to an attorney." *United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). An individual's right to *Miranda* warnings attaches if the person is in "custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. Once an individual is advised of his *Miranda* rights, his statements may be used if he knowingly and voluntarily waives those rights. *United States v. Annis*, 446 F.3d 852, 855 (8th Cir. 2006).

9

> "A waiver is 'knowing and intelligent' where it is made with full awareness of both the nature of the right being abandoned and the consequences of abandoning the right, and a waiver is 'voluntary' where the court can determine that the waiver was a product of the suspect's free and deliberate choice, and not the product of intimidation, coercion, or deception."

*United States v. Bell*, No. 06-2802, 2007 WL 517746, at *3 (8th Cir. 2007) (quoting *Thai v. Mapes*, 412 F.3d 970, 977 (8th Cir. 2005)). "A statement is not voluntary if the totality of the circumstances shows the defendant's will was overborne." *Annis*, 446 F.3d at 855.

Defendant Zhang claims that he did not understand Ms. Chi's interpretation of the *Miranda* warnings provided by SA Cantrell and, therefore, he could not have knowingly and voluntarily waived his rights. While language barriers are a factor to consider in determining a suspect's ability to knowingly waive his rights, it should not be a hinderance when the suspect is advised of those rights in a language he claims to understand. *United States v. Boon San Chong*, 829 F.2d 1572, 1574 (11th Cir. 1987) (citing *United States v. Heredia-Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985)).

The totality of the circumstances surrounding Defendant Zhang's statements to SA Cantrell using Ms. Chi's interpretation do not support his allegation that the waiver of his *Miranda* rights was unknowing. During the November Hearing, SA Cantrell testified that he spoke with Defendant Zhang regarding his native language. Speaking in English, Defendant Zhang informed SA Cantrell that he spoke Mandarin. SA Cantrell testified that he read Defendant Zhang his *Miranda* rights, Ms. Chi interpreted those rights to Defendant Zhang in Mandarin and he indicated that he understood his rights. SA Cantrell stated that there was nothing in Defendant Zhang's body language or mannerisms that led him to believe that Defendant Zhang did not understand his rights. Additionally, from the answers SA Cantrell received to the questions asked through Ms. Chi, it appeared as

10

though Defendant Zhang understood the interpretation. SA Cantrell's investigative report which provides Defendant Zhang's responses to SA Cantrell's questions shows that he understood the translation by Ms. Chi.

Ms. Chi testified that, although she does not recall the specifics of this particular interpretation, it is her common practice to ask persons for whom she is interpreting which dialect they prefer. She asks this initial question in Mandarin which is taught in Chinese schools. Based on her experience as an interpreter, Ms. Chi is able to determine by an individual's accent if she will have a problem interpreting for them. If she notes any difficulty in an individual's ability to understand her interpretation, she immediately informs the agent conducting the interview and determines if the individual would prefer a different dialect. Ms. Chi testified that she does not speak Wenzhouhua, however there was a Wenzhuahou interpreter available if Defendant Zhang had requested that dialect. Even if Defendant prefers to speak Wenzhouhua, there is no evidence that he did not understand Mandarin, the dialect that he requested.

The government proved by a preponderance of the evidence that Defendant Zhang understood his *Miranda* rights and that his waiver of those rights was both knowingly and intelligently made. Magistrate Judge Jarvey properly recommended that Defendant Zhang's Motion requesting the suppression of the statements made to SA Cantrell should be denied. Accordingly, Defendant Zhang's objection to this conclusion is denied.

Defendant Zhang does not claim that SA Cantell intimidated or coerced him into making his statements. *See Bell*, 2007 WL 517746, at *3 (noting that "a waiver is 'voluntary' where the court can determine that the waiver was a product of the suspect's free and deliberate choice, and not the product of intimidation, coercion, or deception"). Accordingly, the court finds that Defendant Zhang's waiver of his *Miranda* rights was voluntary and his objection to the contrary is denied.

11

## V. CONCLUSION

**IT IS ORDERED:**

(1) The court **DENIES** the remaining portion of Defendant Dongyan Huang and Defendant Zhang Jian Long's Motion that requests the suppression of Defendant Zhang's statements (docket nos. 9, 39, 43 and 47);

(2) The Clerk of Court is directed to satisfy the Joint Motion to Suppress Physical Evidence (docket no. 9), the Joint Brief in Support of Their Motion to Suppress All Evidence (docket no. 39), the Supplement to Their Joint Brief in Support of Their Joint Motion to Suppress All Evidence (docket no. 43) and Joint Brief in Support of Their Motion to Suppress All Statements (docket no. 47);

(3) The court **ADOPTS** Magistrate Judge Jarvey's Report and Recommendation of December 6, 2006 (docket no. 67); and

(4) The period between the filing of Defendants' Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 27th day of February, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA