# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-103-LRR |
| vs. | **ORDER** |
| DONGYAN HUANG and ZHANG JIAN LONG, | |
| Defendants. | |

―――――――――――――

## I.  INTRODUCTION

The matter before the court is Defendant Dongyan Huang's Motion to Sever the Defendants' Trials ("Motion") (docket no. 84) and Amended Motion to Sever Defendants' Trials ("Amended Motion") (docket no. 86).

## II.  RELEVANT PROCEDURAL HISTORY

On March 21, 2007, Defendant Dongyan Huang ("Defendant Huang") filed her Motion, and the court held a Final Pretrial Conference.  During the Conference, the court provided Defendant Huang twenty-four hours to amend her Motion to add supporting case law.  On March 22, 2007, Defendant Huang filed her Amended Motion.

## III.  ANALYSIS

Federal Rule of Criminal Procedure 14(a) provides that

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The presumption against severing properly joined cases is strong . . . ." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

In her Motion, Defendant Huang asserts that she will "be prejudiced by a joint trial if Defendant Zhang Jian Long's ("Defendant Zhang") statements [to law enforcement officers] . . . are introduced into evidence."[1] In her Amended Motion, Defendant Huang relies on *Bruton v. United States*, 319 U.S. 123 (1968), in support of her assertion that the failure to sever her trial from Defendant Zhang's trial would unduly prejudice her case.

Defendant Huang asserts that the introduction of Defendant Zhang's pretrial statements to Bureau of Immigration and Customs Enforcement Special Agent Christopher Cantrell ("SA Cantrell") during their joint trial will violate the Supreme Court's holding in *Bruton*.

During SA Cantrell's interview of Defendant Zhang on July 6, 2006, Defendant Zhang allegedly stated: "I want you to know that these items are not the real thing. They are fake copies of the real thing." Defendant Huang argues that the alleged statement will prejudice her case because "the jury may believe that [she] had knowledge said items were counterfeit . . . ." However, the alleged statement by Defendant Zhang at most reveals Defendant Zhang's belief that he was trafficking in counterfeit goods; the alleged statement does not bear on what Defendant Huang knew regarding such items.

In *Bruton*, the court held that a confessing co-defendant's statement inculpating a non-confessing defendant when their trials are joined is not admissible regardless of the

---

[1] Defendant Huang also alleges that Defendant Zhang's "statements should have been suppressed since said statements were illegally obtained by the government as Defendant Zhang . . . did not waive his *Miranda* rights prior to being interviewed in Mandarin when he does not speak said language." In its February 27, 2007 order, the court determined that Defendant Zhang's statements were not taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Accordingly, the court will not re-address this allegation.

2

court's limiting instructions regarding that statement. *Bruton*, 319 U.S. at 137. However, these are not the circumstances in the instant case and, as such, *Bruton* is inapposite. Furthermore, any prejudice to Defendant Huang's case can be cured by the court's instructing the jury that it should consider each defendant separately. *See, e.g., United States v. Lawson*, 173 F. 3d 666, 671 (8th Cir. 1999) (holding that court may appropriately cure prejudice from a joint trial through specific instructions to jury).

Therefore, the court finds that the defendants are properly joined for trial. Defendant Huang's case will not be prejudiced by a joint trial. Accordingly, Defendant Huang's Motion (docket no. 84) and Amended Motion (docket no. 86) requesting that her trial be severed from Defendant Zhang's trial is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 5th day of April, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

3