# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-103-LRR |
| vs. | **ORDER** |
| DONGYAN HUANG and ZHANG JIAN LONG, | |
| Defendants. | |

_____

## *I. INTRODUCTION*

The matter before the court is the Motion of Defendants Dongyang Huang ("Defendant Huang") and Zhang Jian Long ("Defendant Zhang", and collectively, "Defendants") Requesting the Court Provide Certified Interpreters ("Motion") (docket no. 90) for each Defendant.

## *II. FACTS AND RELEVANT PROCEDURAL HISTORY*

Defendants are Chinese nationals from the city of Wenzhou in southeastern China. The Motion states that the predominant dialect in Wenzhou is Wenzhouhua. Defendants seek a separate, certified or otherwise qualified Wenzhouhua interpreter for each of them during the trial. Alleging difficulties with the interpretation provided by Ms. Grace Hsueh-Chiu Sun during the March 21, 2007 status hearing ("Status Hearing"), the Motion requests that the court "provide a <u>different</u>, certified or at least <u>more</u> qualified interpreter" prior to trial. Motion at 2 (emphasis in original).[1]

---

[1]The Motion also requests 1) separate interpreters for each Defendant, 2) the opportunity for Defendants' counsel to interview, and assess the qualifications of, any such interpreters and 3) interpreters to facilitate communication between counsel and
(continued…)

Defendants purport to speak some Mandarin and Cantonese, and they also admit that counsel for Defendant Zhang speaks Mandarin and counsel for Defendant Huang speaks Cantonese. Neither attorney speaks Wenzhouhua.

On October 30, 2006, Defendants appeared at a hearing before United States Magistrate Judge Paul A. Zoss; at such hearing, Simon Chan interpreted in Mandarin for Defendants. (minute entry, docket no. 44). Mr. Chan stated that he was able to communicate generally, but not perfectly, with Defendants in Mandarin. *Id.* Further, Defendants appeared for a suppression hearing before United States Chief Magistrate Judge John A. Jarvey on November 13, 2006. Tina Zheng, as interpreter, spoke to Defendants in Wenzhouhua (minute entry, docket no. 55); neither Ms. Zheng nor Defendants reported comprehension problems during the nearly three-hour hearing. On March 21, 2007, Ms. Sun interpreted on Defendants' behalf at the Status Hearing; Ms. Sun reported no difficulties in making herself understood to Defendants (minute entry, docket no. 85). Moreover, when the court addressed Defendants and asked them if they had any complaints regarding Ms. Sun, Defendants did not complain. (*See* docket no. 85 ["Tr."]).

On April 13, 2007, Defendants filed the Motion. The joint trial of Defendants is scheduled for May 14, 2007. Per Local Rule 7.1(e), the court may rule on the Motion absent any resistance filed by the United States. L.R. 7.1(e) (resistances to motions).

For the reasons set forth below, the court denies the Motion and finds Ms. Sun to be a qualified interpreter of Wenzhouhua.

---

[1](…continued)
Defendants. The conservation of judicial resources does not permit the luxury of dedicated interpreters for each Defendant. As explained below, the court finds the existing interpreter qualified, and therefore, Defendants' counsel has no right, nor is it necessary, to interview such interpreter. Defendants are also not entitled to court-appointed interpreters to communicate with counsel because Defendants have retained their own counsel, and the court has made no finding of indigency.

### III. ANALYSIS

Federal law empowers federal courts to employ interpreters during judicial proceedings for litigants who primarily speak a language other than English. 28 U.S.C. § 1827. "Once the district court decides to appoint an interpreter, however, it is obligated to follow the mandates of the Court Interpreters Act [Section 1827]." *United States v. Gonzales*, 339 F.3d 725, 726 (8th Cir. 2003). Courts must use "the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter . . . ." 28 U.S.C. § 1827(d)(1).

The Director of the Administrative Office of the United States Courts ("Director") may "certify interpreters for any language if the Director determines that there is a need for certified interpreters in that language." 28 U.S.C. § 1827(b)(1). The Director has required certification for only three languages: Spanish, Haitian Creole and Navajo. Interim Court Interpreter Regulations, Part I, § 3, App. 1, *available at* http://jnet.ao.dcn/District/Court_Interpreting/Interim_Court_Interpreter_Regulations.html. As such, there are no "certified" interpreters for Wenzhouhua, or for that matter, Mandarin or Cantonese. When certification is not provided pursuant to § 1827(b)(1), a court meets its Section 1827(d)(1) obligation solely by using an "otherwise qualified" interpreter. 28 U.S.C. § 1827(b)(2).

The court has previously made findings of fact regarding Defendant Zhang's language abilities and preferences. *United States v. Huang*, No. 06-CR-103-LRR, 2007 WL 647338 (N.D. Iowa Feb. 27, 2007). Specifically, the court found that 1) Defendant Zhang stated to Special Agent Christopher Cantrell ("SA Cantrell") that he spoke Mandarin and requested a Mandarin interpreter; 2) Wenzhouhua is not Defendant Zhang's preferred dialect; and 3) Defendant Zhang understood the Mandarin interpretation provided during his interview with SA Cantrell. *Id.* at *2-*3. The Motion offers no

3

further evidence to upset the court's previous findings as to Defendant Zhang.

Ms. Sun, a native of Taiwan and a Ph.D. candidate, has twelve years of interpreting experience, and she has interpreted court proceedings for litigants in New York, New Jersey, Illinois, Washington, Pennsylvania and California. Crucially, eleven years of that experience have involved interpreting Wenzhouhua, Mandarin and Cantonese (as well as other Chinese dialects) for the Department of Homeland Security's Bureau of Immigration and Citizenship Enforcement.

The Motion shall be denied for several reasons. First, as explained above, Defendants are not entitled to "certified" interpreters, in Wenzhouhua (or Mandarin or Cantonese), because no such certification exists for purposes of Section 1827. Second, as to Defendant Zhang, the court has found that Defendant Zhang speaks Mandarin and that Wenzhouhua is not his preferred dialect. In any case, the court finds Ms. Sun more than qualified to interpret the proceedings for Defendant Zhang in either language. Third, no fewer than three of the interpreters serving during the course of these proceedings have indicated that they have communicated without substantial difficulty, in both Wenzhouhua and Mandarin, with Defendants. *See* Minute Entries (docket nos. 44, 55 and 85). In sum, the court concludes that Ms. Sun is qualified to interpret on behalf of Defendants. In the opinion of the court, the Motion is nothing more than a ruse to delay or completely obstruct the trial of the Indictment.

### *IV. CONCLUSION*

**IT IS THEREFORE ORDERED:**

(1) Defendants' Motion (docket no. 90) is **DENIED**; and

(2) The period between the filing of the Motion and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon);

4

18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 30th day of April, 2007

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

5